REDMANN, J.
(concurrring).
I respectfully concur in the amount of the judgment, but I would base it on the note (and would allow the stipulated attorney’s fees for collection).
*352 I agree that the granting of the extension under the circumstances does not waive, but merely postpones, plaintiff’s right to resort to enforcement of the contract through either specific performance or the penal clause. The extension did waive plaintiff’s right, under cases like In re Industrial Homestead Ass’n, 198 So. 528 (La.App.1940), to repudiate the contract for defendant’s failure to make the cash deposit; and it therefore gave to defendant for the first time the right to enforce the contract. Plaintiff’s concession in granting the extension should not be construed to strike the figures “10%” and "$1900” from the deposit clause, thus rendering the penal clauses meaningless.
In my opinion the nominal payee of the note was the agent of both parties in respect to the deposit, and defendant’s giving and the agent’s unauthorized acceptance of the note were ratified by plaintiff by granting the extension with knowledge of the note. Under the buy-sell contract, the deposit can be declared forfeited to plaintiff on defendant’s default, and defendant admits in pleading that this is the note given for the deposit. Plaintiff’s testimony about coming into possession can he fairly construed to mean the agent did in fact turn over, and transfer the note to plaintiff.
Additionally, there is the unusual circumstance that defendant’s offer on a printed form supplied by the agent is blank as to any agent’s commission, and plaintiff did not accept on the offer itself but on an identical printed form signed by the agent as “agent for client”, which, however, specifies a $1900 commission, to be paid in case of nonperformance of the buy-sell contract by the party who fails to perform. I do not believe this difference in offer and acceptance means there was no contract between plaintiff and defendant, since it can be construed as an additional agreement between plaintiff and the agent, not binding, of course, on defendant. Accordingly, when defendant defaulted he was not liable for the commission because he had no such agreement with the agent, but neither was plaintiff liable under the terms of his additional agreement with the agent, a predicament for which the agent is himself responsible.
The circumstances appear to me sufficient to show the agent had no interest in the note, and to entitle plaintiff to recover on the note under LSA-R.S. 7:49 without the necessity of an endorsement by the agent.
However, the contractual provision authorizing plaintiff to “declare the deposit plus an equal amount as penalty less the agents commission, forfeited” does not, in my opinion, entitle plaintiff to any further recovery. Penal clauses must be strictly construed, and, in the words of 17 Am. Jur.2d, Contracts § 500, “cannot be extended beyond the strict and literal meaning of the words used.”
The strict and literal meaning of “declared forfeited” does not include “demand” (which is used in this same printed form in case of seller’s breach) or otherwise imply an enforceable obligation on the purchaser to pay to the seller the additional amount.
The reason a seller can obtain a judgment for the amount of a contractually-required but unmade deposit, where his remedy for nonperformance of the principal obligation is to declare the deposit forfeited, is that the breach of the obligation to make the deposit itself gives a right to recover damages caused by that very breach, Samuelson v. Bosk, 219 La. 477, 53 So.2d 239 (1951); specified to mean actual damages, if any, in Richmond v. Krushevski, 243 La. 777, 147 So.2d 212 (1962); and, where the principal obligation of purchasing is deliberately not performed, the measure of the actual damages for failing to post the deposit is the amount of the stipulated deposit, which, had it been made, seller would have become the owner of by declaring it forfeited.
*353 But there is no such legal theory available to support a judgment based on seller’s right to “declare forfeited” an additional, equal amount.
Since a strict construction of the penal clause denies recovery of the equal amount in addition to the deposit, the question whether a court ought to enforce a non-mutual double-penalty clause, where it is provided by some real estate agent’s novel printed form and not justified by special circumstances which prompted its being deliberately bargained for by the parties, need not be decided at this time.
In my opinion plaintiff should have judgment on the note, including attorney’s fees, but the remainder of his demand should be dismissed. Since the majority opinion accomplishes substantially the same result, I respectfully concur.